**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Michael Alonza Rufus, ) | Cr. No. 3:02-550 |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Michael Alonza Rufus ("Movant"), proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. PROCEDURAL BACKGROUND

Movant was a co-defendant named in a four-count indictment issued on August 20, 2002. ECF No. 11. On April 28, 2003, Movant entered a plea of guilty to the following offenses: (1) conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Count 1; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), Count 4. ECF No. 69. On October 17, 2003, Movant was sentenced to thirty-seven months as to Count 1 and sixty months as to Count 4 to run consecutively for a total of ninety-seven months of incarceration followed by eight years of supervised release. ECF No. 79. Movant appealed his conviction and sentence. On November 4, 2004, the United States Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence. *United States v. Rufus*, 114 F. App'x 56 (4th Cir. 2004).

On November 24, 2004, Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. On April 4, 2007, Movant's motion was denied and summary judgment was granted in favor of the Government. *Rufus v. United States*, No. 3:04-

cv-23082 (D.S.C. April 4, 2007). On May 30, 2007, Movant filed a motion for reconsideration, which was denied on June 1, 2007. On May 5, 2008, Movant filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the court's April 4, 2007 order granting the Government summary judgment. The court construed the motion as a successive application for post-conviction relief pursuant to *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), and denied the motion. On September 17, 2008, the Fourth Circuit affirmed that decision and dismissed Movant's appeal. *United States v. Rufus*, 293 F. App'x 210 (4th Cir. 2008).

Movant began his term of supervised release on July 8, 2010. ECF No. 143. On March 1, 2011, Movant was charged in Georgia with possession with intent to distribute marijuana and possession of a firearm during commission of a crime. On March 26, 2012, Movant was sentenced in Walton County Superior Court in Monroe, Georgia, to ten years imprisonment to be followed by a term of five years probation. On April 4, 2012, this court ordered the issuance of an arrest warrant based on Movant's new criminal conduct, and other alleged supervised release violations. Movant filed a petition for Writ of Error Coram Nobis on March 29, 2012 asserting that the court lacked jurisdiction over him and his judgment should be voided. The petition was denied by this court on December 11, 2012. ECF Nos. 148-49. On April 10, 2013, the Fourth Circuit affirmed this court's order. *United States v. Rufus*, 518 F. App'x 168 (4th Cir. 2013).

Movant filed this § 2255 motion on March 6, 2015. ECF No. 166. On March 16, 2015, the Government filed a motion to dismiss. ECF No. 172. That same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order advising Movant of the dismissal procedures and the possible consequences if he failed to respond adequately. ECF No. 173. On March 17, 2015, the Government filed an amended motion to dismiss. ECF No. 175. Subsequently,

2

this court issued another *Roseboro* Order. ECF No. 176. On March 26, 2015, Movant filed a response. ECF No. 179. Movant has also filed a motion to amend the motion to vacate, ECF No. 181, and a motion for discovery, ECF No. 160.

## II. DISCUSSION

### A. Section 2255 Motion

Movant asserts that his counsel was ineffective and that the court abused its discretion "in regards [to] authority to depart from sentencing." ECF No. 166 at 3. The Government contends that Movant's § 2255 motion should be dismissed because Movant failed to secure permission to file a successive motion to vacate. The Government also contends that Movant's § 2255 motion is time-barred. ECF No. 175. The court agrees.

First, a successive motion filed under § 2255 must be certified by a panel in the appropriate court of appeals. 28 U.S.C. § 2255(h). A defendant is required to file a motion in the appropriate court of appeals requesting an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Once the motion is filed, a three-judge panel in the appropriate appeals court has thirty days to grant or deny the authorization. *Id.* at § 2244 (b)(3)(C)-(D). The denial of the authorization is not appealable and cannot be the subject for petition for writ of certiorari. *Id.* at § 2244 (b)(3)(E). Movant has failed to petition the United States Court of Appeals for the Fourth Circuit to obtain authorization to file a third motion pursuant to § 2255 in this court. Thus, the Fourth Circuit has not issued an order authorizing this court to consider Movant's successive motion. As a result, this court cannot consider Movant's motion to vacate.

Second, a defendant has one year from the latest of (1) the date on which a judgment of conviction becomes final; (2) the date on which an impediment to making a motion created by

governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; (3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). Here, the Fourth Circuit issued its mandate and judgment in this case on November 4, 2004. The statute of limitations began to run when the time expired for filing a petition for certiorari with the United States Supreme Court contesting the Fourth Circuit's affirmation of Movant's convictions and sentence. The statute of limitations expired on or about February 4, 2006; thus, Movant's March 6, 2015 filing was not within one year of the date on which his judgment of conviction became final. Therefore, his motion to vacate is not timely under § 2255(f)(1).

Movant is unable to demonstrate that one of the other dates listed under § 2255(f) occurred within one year of his March 6, 2015 filing. There is no evidence that Movant was prevented from filing a § 2255 motion because of any governmental interference, and Movant has not cited a Supreme Court decision recognizing a new right that renders his motion timely. *See* 28 U.S.C. § 2255(f)(4)(2), (3).

Finally, the court does not find that Movant's untimely filing is saved by the doctrine of equitable tolling. An otherwise time-barred movant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be

4

unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has cited no extraordinary circumstance that explains his untimely § 2255 motion. *See Whiteside v. United States,* No. 13-7152 at 14-15 (4th Cir. Dec. 19, 2014) (concluding that where "the only impediment to timely filing was the discouragement felt by petitioner when calculating the odds of success" in the pre-*Simmons* legal landscape equitable tolling was unavailable). Movant has filed numerous post-conviction motions in the years following his initial sentence in this court, including two prior motions pursuant to §2255. There is no indication that an extraordinary circumstance prevented Movant from filing a timely motion to vacate.

Accordingly, Movant's § 2255 motion is time-barred.

**B.  Motion to Amend Motion to Vacate**

Movant has filed a motion to amend motion to vacate. The motion is denied as futile, as additional briefing would not cure the defects of Movant's § 2255 motion.

**C. Motion for discovery**

Movant has filed a motion for discovery which seemingly contests the jurisdiction of this court with respect to his underlying criminal prosecution and requests discovery to demonstrate that this court has jurisdiction over him. There is no indication that Movant raised a meritorious jurisdictional claim pursuant to Fed. R. Crim. P. 12(b)(2) at any time during the pendency of his case. At any rate, subject matter jurisdiction in every federal criminal prosecution is derived from 18 U.S.C. § 3231, which grants the district courts of the United States original jurisdiction "of all offenses against the laws of the United States." Moreover, the only prerequisite for the exercise of

personal jurisdiction in a federal criminal prosecution is the defendant's presence in the United States. *United States v. White*, 480 F. App'x 193 (4th Cir. 2012). Movant was indicted by the Government for violating the laws of the United States and entered a plea of guilty for such violations. This court properly exercised personal jurisdiction over Movant because he was present in the United States. Accordingly, this court properly exercised both subject-matter jurisdiction and personal jurisdiction over Movant during his criminal prosecution. Therefore, Movant's motion is denied.

### III. CONCLUSION

For these reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 166, is **DENIED** and **DISMISSED**. The Government's motion to dismiss, ECF No. 175, is **GRANTED**. Movant's motion to amend motion to vacate, ECF No.181, is **DENIED**. Movant's motion for discovery, ECF No. 160, is **DENIED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84

(4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED.**

                                               /s/ Margaret B. Seymour
                                               Margaret B. Seymour
                                               Senior United States District Judge

Columbia, South Carolina
April 6, 2015