# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Alonza Rufus, | ) | Cr. No. 3:02-550 |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Movant Michael Alonza Rufus's ("Movant") request for reconsideration and/or relief for fraud, ECF No. 186, and Movant's request for ruling and access to the court for appeal, ECF No. 187.

## I.  PROCEDURAL BACKGROUND

Movant was a co-defendant named in a four-count indictment issued on August 20, 2002. ECF No. 11.  On April 28, 2003, Movant entered a plea of guilty to the following offenses: (1) conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, Count 1; and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), Count 4. ECF No. 69.  On October 17, 2003, Movant was sentenced to thirty-seven months as to Count 1 and sixty months as to Count 4 to run consecutively for a total of ninety-seven months of incarceration followed by eight years of supervised release.  ECF No. 79. Movant appealed his conviction and sentence.  On November 4, 2004, the United States Court of Appeals for the Fourth Circuit affirmed Movant's conviction and sentence. *United States v. Rufus*, 114 F. App'x 56 (4th Cir. 2004).

On November 24, 2004, Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel.  On April 4, 2007, Movant's motion was denied

and summary judgment was granted in favor of the Government. *Rufus v. United States*, No. 3:04-cv-23082 (D.S.C. April 4, 2007). On May 30, 2007, Movant filed a motion for reconsideration, which was denied on June 1, 2007. On May 5, 2008, Movant filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the court's April 4, 2007 order granting the Government summary judgment. The court construed the motion as a successive application for post-conviction relief pursuant to *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), and denied the motion. On September 17, 2008, the Fourth Circuit affirmed that decision and dismissed Movant's appeal. *United States v. Rufus*, 293 F. App'x 210 (4th Cir. 2008).

Movant began his term of supervised release on July 8, 2010. ECF No. 143. On March 1, 2011, Movant was charged in Georgia with possession with intent to distribute marijuana and possession of a firearm during commission of a crime. On March 26, 2012, Movant was sentenced in Walton County Superior Court in Monroe, Georgia, to ten years imprisonment to be followed by a term of five years probation. On April 4, 2012, this court ordered the issuance of an arrest warrant based on Movant's new criminal conduct, and other alleged supervised release violations. Movant filed a petition for Writ of Error Coram Nobis on March 29, 2012 asserting that the court lacked jurisdiction over him and his judgment should be voided. The petition was denied by this court on December 11, 2012. ECF Nos. 148-49. On April 10, 2013, the Fourth Circuit affirmed this court's order. *United States v. Rufus*, 518 F. App'x 168 (4th Cir. 2013).

Subsequently, Movant filed another § 2255 motion on March 6, 2015. ECF No. 166. On March 16, 2015, the Government filed a motion to dismiss. ECF No. 172. On March 17, 2015, the Government filed an amended motion to dismiss. ECF No. 175. Movant also filed a motion to amend the motion to vacate, ECF No. 181, and a motion for discovery, ECF No. 160. On April 8,

2015, this court granted the Government's motion to dismiss and denied Movant's motion to vacate, motion to amend, and motion for discovery.  ECF No. 183.  In a separate order, this court also denied Movant's motion to disqualify judge.  ECF No. 182.

On April 20, 2015, Movant filed this request for reconsideration and relief for fraud.  ECF No. 186.  Movant also filed a request for ruling and access to the court for appeal on July 6, 2015.  ECF No. 187.  The Government has not filed a response.

## II.  LEGAL STANDARD

Reconsideration of a judgment after its entry is an extraordinary remedy. *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  A court may alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) to (1) accommodate an intervening change in the controlling law; (2) account for new evidence that was not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Id.*  A party seeking reconsideration pursuant to Rule 59(e) is not permitted to present arguments, theories, or evidence that could have been presented prior to the issuance of the judgment.  *Id.*  Similarly, if a party relies on newly discovered evidence, "the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (Internal quotations and citations omitted).

## III. DISCUSSION

### A. Motion for Reconsideration

Movant continues to assert that this court has no jurisdiction over this case, such that this court's denial of his successive motion to vacate on April 8, 2015, is a perpetuation of fraud.  *See* ECF No. 186 at 2. Movant further asserts that in denying his motion to amend and motion for

discovery this court failed to liberally construe pro se pleadings as required by *Haines v. Kerner*, 404 U.S. 519 (1972). Finally, Movant contends that this court's denial of the request for recusal was erroneous because the court failed to take judicial notice of *United States v. Chase*, 18 F.3d 1166 (4th Cir. 1994). As a result of these alleged errors, Movant requests that this court reconsider its order entered on April 8, 2015.

First, Movant asserts that this court should not have denied his motion to amend as futile under 28 U.S.C. § 2255. Instead, Movant argues that this court should have construed Movant's motion to amend under some other provision pursuant to 28 U.S.C. § 1651, which might have provided him a remedy. In his motion to amend, ECF No. 181, Movant reasserted that his federal conviction was invalid and should be vacated. Based on the allegations in the motion and the relief requested, Movant's motion to amend was properly construed as a motion to amend his § 2255 petition since 28 U.S.C. § 2255 is the appropriate vehicle to attack a federal sentence in an attempt to have it vacated. Because Movant's § 2255 motion was successive and could not be considered by the court without an order from the Court of Appeals for the Fourth Circuit, it would have been futile for this court to permit Movant to amend a petition that it could not consider. Thus, Movant's motion to amend was properly denied as futile.

Second, Movant asserts that this court improperly construed Movant's motion for discovery. Essentially, Movant contends that this court does not have subject matter jurisdiction over the allegations leading to his original federal conviction. Although Movant acknowledges that 18 U.S.C. § 3231 grants the district courts of the United States original jurisdiction "of all offenses against the laws of the United States," Movant contends that this court is not a district court, but is instead "a court established by Act of Congress." ECF No. 186 at 2. Movant cites to 28 U.S.C §

4

451 as a provision which delineates the distinction between courts established by congress and district courts. Movant seeks discovery to prove that this court "has been established, distinct from district courts but acting behind the facade, for a classification of subject matter applicable to a classification of persons liable to Congress via 'social contracting' but distinct of 'people/citizen (sic) of the United States.'" ECF No. 186 at 2. Movant's argument is frivolous and without merit. As stated in a previous order, this court was vested with subject matter jurisdiction in Movant's case pursuant to 18 U.S.C. § 3231. This court properly exercised jurisdiction over Movant, and Movant is not entitled to discovery proving such.

Finally, Movant contends that this court improperly denied Movant's motion for recusal because it failed to take judicial notice of *United States v. Chase*, 18 F.3d 1166 (4th Cir. 1994), which proves that Judge Margaret B. Seymour was formerly a United States Attorney. Moreover, Movant contends that because Judge Margaret B. Seymour was a United States Attorney, her failure to recuse herself from this case constitutes fraud and further shows that she has a pecuniary interest in the outcome of this case. As stated in this court's previous order, " a presiding judge is not required to recuse herself because of 'unsupported, irrational or highly tenuous speculation.'" ECF No. 182 at 2 (citing *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)). Movant has failed to allege sufficient facts to demonstrate that this court has any pecuniary interest in the adjudication of Movant's claims. Movant has also failed to allege sufficient facts to demonstrate that Judge Margaret B. Seymour's previous employment has affected her impartiality in this case to the detriment of Movant. Accordingly, this court properly denied Movant's motion for recusal.

**B.  Request for Ruling and Access to the Court for Appeal**

Movant has filed a motion requesting a timely ruling on his motion for reconsideration, ECF No. 187.  Movant's request for ruling is now moot.

### III.  CONCLUSION

For these reasons, Movant's request for reconsideration and/or relief for fraud, ECF No. 186, is **DENIED**.  Movant's request for ruling and access to the court for appeal, ECF No. 187, is **DENIED**.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

  /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
August 26, 2015

6