IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 3:02-550 |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Michael Alonza Rufus, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On April 25, 2003, Defendant Michael Alonza Rufus pleaded guilt to conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 4). On October 17, 2003, Defendant was sentenced to incarceration for a period of 37 months as to Count 1 and 60 months as to Count 4, to run consecutively for a total term of 97 months, to be followed by a term of supervised release for 8 years as to Count 1 and 3 years as to Count 4, to run concurrently.

On November 24, 2004, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence in which he raised claims of ineffective assistance of counsel for failing to challenge a search incident to arrest. See Rufus v. USA, C/A No. 3:04-23082. On April 4, 2007, the court granted summary judgment in favor of the government. Defendant filed a motion for reconsideration on May 30, 2007, which was denied on June 1, 2007. On May 5, 2008, Defendant filed a motion pursuant to Fed. R. Civ. P. 60(b)(6) that the court construed as a second or successive motion pursuant to § 2255. The court denied Defendant's motion on May 23, 2008.

Defendant was released to supervision on July 8, 2010. On March 1, 2011 Defendant was charged in Georgia with possession with intent to distribute marijuana and possession of a firearm

during the commission. Defendant was convicted and sentenced in Georgia state court on March 26, 2012 to 10 years incarceration on the possession of marijuana charge and 5 years probation, to be served consecutively, on the possession of a firearm charge.

On March 31, 2011, Defendant filed a petition pursuant to 28 U.S.C. § 2241, asserting, in part, that the court lacked subject matter jurisdiction because Defendant is a natural born citizen of South Carolina who has not negotiated his private status to take on that of the named defendant in the within action.  Defendant alleged that he is not "of a body politic where his Private Rights can be taken away by the government as done [in] 3:02CR550."  See Rufus v. United States, C/A No. 6:11-746.  Defendant's § 2241 petition was summarily dismissed on June 3, 2011.  The court found that it lacked jurisdiction to hear Defendant's § 2241 petition because the § 2241 petition did not fall within the "saving clause" set forth in § 2255(e).  The court also noted that, if Defendant's petition were to be construed as a § 2255 motion, it would be successive and would be dismissed because Defendant had not obtained permission from the Court of Appeals for the Fourth Circuit to file a second or successive motion.

On December 6, 2011, Defendant filed a second petition pursuant to § 2241, asserting that he is actually innocent because his civil status is that of a native born citizen of the United States. Defendant asserted that he never knowingly, intentionally, or for certain fair consideration negotiated his private character status to take on the character of the "ens legis" MICHAEL ALONZA RUFUS, as he is identified in the caption of his criminal indictment.[1]  The § 2241 petition was summarily dismissed on the grounds that Defendant's claims were cognizable, if at all, under § 2255, and that

---

[1] "Ens legis" means an artificial being that derives its existence entirely from the law, such as a corporation, as opposed to a natural person, such as a corporation.  Black's Law Dictionary, https://thelawdictionary.org/ens-legis/ (accessed September 1, 2021).

Defendant was required to seek leave from the Fourth Circuit to file a successive motion. See Rufus v. United States, C/A No. 6:11-3276.

On April 2, 2012, the United States Probation Office (USPO) notified the court that Defendant had violated the conditions of his supervision because (1) he was arrested on October 12, 2010 on a warrant charging him with assault and battery of a high and aggravated nature in Lee County, South Carolina; (2) he submitted positive urine samples for cocaine on November 17, 2010 and January 17, 2011; (3) he was arrested on March 1, 2011 on a charge of possession with intent to distribute marijuana and possession of a firearm during the commission of a crime in Georgia; and (4) leaving the South Carolina District without permission. The court issued a warrant on April 4, 2012. A federal detainer was lodged against Defendant in the Georgia state court where he was serving his sentence. Defendant was taken into the custody of the U.S. Marshal's Service pursuant to the April 4, 2012 warrant on September 2, 2021.

On November 29, 2012, Defendant filed an application for writ of error coram nobis in the within action, again asserting that the court lacked personal and subject matter jurisdiction over his criminal matter because of his status as a "freeholder in the American sense an non-resident of 'this State (STATE OF SOUTH CAROLINA) or any other political corporation of a forum state with a 'body politic' or 'corporate.'" ECF No. 148, 1. Defendant again denied waiving, renouncing, or otherwise negotiating his private character status by applying for social security, a birth certificate, a driver's license "or other record(s) unlawfully used by government(s) as forms of social contracting private persons into associations, technically corporations and agencies of commerce." Id. at 2. The court denied Defendant's motion without comment on December 11, 2012.

On May 2, 2014, Defendant filed a motion for disqualification of the undersigned and the

3

Magistrate Judge pursuant to 28 U.S.C. § 455(b). Defendant alleged that he presumed the undersigned, the Magistrate Judge, "and practically any Judge assigned to this action has a financial and/or other interest in the adjudication of the merits of his case due to their previous capacities as attorneys." According to Defendant, the undersigned and others in the legal profession have subjected their clients to "the jurisdiction of this State's 'tribunals,' both state and federal, without being informed the distinct capacities they are presumed to have, the capacities that the opposing party maybe acting and/or if the opposing party is an organized association of persons." ECF No.162, 2-3. On March 6, 2015, Defendant filed a § 2255 motion in the within action. The gravamen of Defendant's grounds for relief was summarized as follows:

> I allege that my allegations establish this court's judgment void due to jurisdictional deficiencies which are not subject to limitations for collateral attacks. Further I allege that the "universal" application of § 2255 as the only post conviction remedy for my restraint of liberty by this court's judgment is violative of my rights as a "private person" and of the class of persons identified and retaining their de jure capacities ascribed him as a "people of the U.S." (see US Const.) whom are exempt from all of the special laws being fraudulently appylied to me [in] this suit.

ECF No. 166, 11 (errors in original).

On April 8, 2015, the court denied Defendant's motion for recusal, noting that a judge is not obligated to recuse herself because of "'unsupported, irrational or highly tenuous speculation.'" ECF No. 182, 1 (quoting United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003)). Also on April 8, 2015, the court dismissed the March 6, 2014 § 2255 motion as successive and time-barred. The court further observed that Defendant had filed a motion for discovery that again challenged the jurisdiction of the court. The court determined that Defendant's claims were meritless because:

> subject matter jurisdiction in every federal criminal prosecution is derived from 18 U.S.C. § 3231, which grants the district courts of the United States original jurisdiction "of all offenses against the laws of the United States." Moreover, the

>only prerequisite for the exercise of personal jurisdiction in a federal criminal prosecution is the defendant's presence in the United States. United States v. White, 480 F. App'x 193 (4th Cir. 2012). . . . [T]he court properly exercised both subject-matter jurisdiction and personal jurisdiction over [Defendant] during his criminal prosecution.

ECF No. 183, 5-6.

On May 27, 2015, Defendant filed a § 2241 petition,, stating that the USPO "initiated a suit or quasi suit in a court being a adjunct of special and limited jurisdiction, without averring the alleged capacity I was being accused and/or the capacity that he or the U.S. would be acting or if an organization of persons was made a party in the proceedings." Rufus v. United States of America, C/A No. 6:15-2127-MBS, ECF No. 1, 7. He further stated that, "[a]s a private person/citizen, with no lawful contracts or obligations to negate my status, the statutory provisions of supervised release, but not limited to, which the initiation and issuance of the 04/04/12 warrant is based is a special law I am exempt and unconstitutionally vague due to its being fraudulently 'universally' enforced without regards to Congress' classification of subject matter for enactment and application to the classification of persons within its territorial jurisdiction." Id. The court issued an order on January 4, 2016 wherein it determined that Defendant's case was not ripe because his supervised release revocation had not been adjudicated. Defendant's § 2241 petition was summarily dismissed without prejudice.

On November 23, 2015, Defendant filed an application for writ of error coram nobis. Defendant again argued that he "has never renounced his private character status as a private person" such that the within judgment is void. Defendant further argued that the Georgia sentence he was serving also was void and therefore the retainer lodged against him on April 4, 2012 should be deemed void and withdrawn. ECF No. 196, 4. The court denied Defendant's motion without

comment by order filed January 5, 2016.

Finally, on April 1, 2019, Defendant filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Defendant contended that a void conviction and judgment in South Carolina state court for possession with intent to distribute marijuana was fraudulently being used to enhance his confinement on the Georgia conviction. Defendant advanced arguments in the same vein as those noted hereinabove regarding his civil status-capacity and the illegitimacy of his Georgia state court confinement. Rufus v. Warden, Autry State Prison, C/A No. 6:19-952-MBS, ECF No. 1, 2. Further, on May 3, 2019, Defendant filed a motion for recusal and disqualification of the court because it was a "party participant[] to this concealment and show[s] an obvious commitment to continuing [its] part in the unconstitutional practice presently and previously as practitioners of law." Id., ECF No. 17, 4. By order filed June 3, 2019, the court concluded that arguments such as those raised by Defendant regarding his citizenship status had been uniformly rejected as legally frivolous by the courts. The court further denied Defendant's motion for recusal, observing that to merit recusal, the alleged bias or prejudice of the judge must result in an opinion on the merits of a case on some basis other than what the judge learned from his participation in the case. Accordingly, Defendant's motion for recusal was denied.

This matter is now before the court on Defendant's request for recusal and disqualification, which motion was filed on August 26, 2019. Defendant argues the court has fraudulently failed to adjudicate his claims pursuant to authorities supporting his contention that the court must exercise jurisdiction 'uniformly' not universally, under a dual system of classification of citizens of the United States." ECF No. 210, 1. In a related filing, Defendant again challenges the jurisdiction of the court over:

> matters arising and prosecuted against individuals legally presumed and recognized as and retaining their civil status-capacity as originally ascribed citizens of the United States and characterized under the "private rights doctrine," versus this Court's, as a court of United States, obligation to adjudicating matters arising and prosecuted against the same individuals, being citizens of the United States in a political sense, but whom are legally presumed and recognized as having waived or renounced their originally ascribed civil status-capacity abovementioned due to social contracting with and becoming a member of Congress' agency under the executive branch, Social Security Administration (42 USC § 901), and thereby birth into a civil status and national unincorporated association of persons that courts of the United States are mandate to prosecute under the "public rights doctrine" as recognized Northern Pipeline Construction Co. v. Marathon Pipeline Co. et al, 458 US 60, 83.

ECF No. 209, 1-2.

Defendant contends that the court's refusal to address the authorities that support his position of a dual citizenry shows that the court has actual prejudice and bias toward Defendant. The court disagrees. "Sovereign citizens" share many of the same beliefs. For example, they believe that

> there are two classes of citizens within the United States. One class is sovereign or "de jure" citizens or "original citizens of the states." The second class, first created by the Fourteenth Amendment, is federal or U.S. citizens. Sovereign citizens enjoy all the rights of the constitution, but federal citizens do not. Federal citizens, the sovereigns believe, have bargained away their freedoms by accepting benefits from the United States government. Much of what sovereigns do is intended to rescind or denounce that federal citizenship and reclaim their common law sovereign citizen status with all its rights. That helps explain why they refuse to get drivers' licenses or register vehicles, reject Social Security, avoid using ZIP codes, and may not pay taxes, because those are all forms of contracting with the government and accepting the lesser class of federal citizenship.

A Quick Guide to Sovereign Citizens, UNC School of Government (Revised Nov. 2013) (pdf accessed September 2, 2021).

Sovereign citizen-type arguments uniformly have been rejected by the courts as "frivolous, Yashar'al v. Hopper, 849 F. App'x 591, 592 (7th Cir. 2021); "profoundly flawed views of the law," United States v. Gougher, 835 F. App'x 231, 233 (9th Cir. 2020); "meritless, frivolous,

obstructionist," United States v. Glover, 715 F. App'x 253, 255-56 (4th Cir. 2017); "frivolous," Trevino v. Florida, 687 F. App'x 861, 862 (11th Cir. 2017); having "no conceivable validity in American law," Charlotte v. Hansen, 433 F. App'x 660, 662 (10th Cir. 2011); "without merit [and] patently frivolous," United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992). The court has not addressed any purported authorities relied upon by Defendant because, upon review, his arguments are baseless and invalid. Defendant's motion for recusal (ECF No. 210) is **denied**.

Also before the court is Defendant's motion for appointment of counsel, which motion was filed on March 5, 2021. (ECF No. 213) There are two requests in the motion. First, Defendant seeks counsel for the supervised release violation that remains pending from April 4, 2012. However, Defendant was brought before a Magistrate Judge for his initial appearance on September 20, 2021 and for a detention hearing on October 12, 2021. Defendant has challenged the jurisdiction of the court and refused to participate in the proceedings. On October 18, 2021, Defendant filed a waiver of appointed counsel.

A criminal defendant has a constitutional right to manage his own defense. Faretta v. California, 422 U.S. 806, 829-30 (1975). "An assertion of the right of self-representation must be (1) clear and unequivocal, see Faretta, 422 U.S. at 835 []; United States v. Lorick, 753 F.2d 1295, 1298 (4th Cir.1985); (2) knowing, intelligent and voluntary, see Godinez v. Moran, 509 U.S. 389, 400–01 [] (1993); United States v. Singleton, 107 F.3d 1091, 1096 (4th Cir.1997); and (3) timely, see United States v. Lawrence, 605 F.2d 1321, 1325 n.2 (4th Cir.1979)." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). Thus, the defendant must be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "'he knows what he is doing and his choice is made with eyes open.'" Faretta. 422 U.S. at 835 (quoting Adams v. United

8

States ex rel. McCann, 317 U.S. 269, 279 (1942)).  However, "the Faretta right to self-representation is not absolute, and 'the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.'" Frazier-El, 204 F.3d at 559(quoting Martinez v. Court of Appeal of Cal., 528 U.S. 152 (2000) (holding that Faretta does not require that a criminal defendant be allowed to represent himself on direct appeal)).  At this stage, Defendant has refused to engage in a colloquy with the Magistrate Judge.  If Defendant wishes to proceed pro se, he must comply with court rules and procedures, including the development of the record before the Magistrate Judge.

It appears Defendant has abandoned his motion for appointment of counsel for the supervised release violation.  Accordingly, Defendant's motion for appointment of counsel for purposes of his supervised release violation is **denied as moot**.

Second, Defendant seeks counsel to assist him in resolving Defendant's motions regarding the court's jurisdiction.  As set out in detail hereinabove, Defendant's motions urging his status as a sovereign citizen are wholly without merit.  The court declines to appoint counsel for the purpose of making frivolous arguments on Defendant's behalf.  Defendant's motion for appointment of counsel to challenge the court's jurisdiction in this manner is **denied**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir. 2001). To the extent Defendant seeks habeas review, the court concludes that Defendant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

October 20, 2021