IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No. 3:02-550 |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Michael Alonza Rufus, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On April 25, 2003, Defendant Michael Alonza Rufus pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 4).  On October 17, 2003, Defendant was sentenced to incarceration for a period of 37 months as to Count 1 and 60 months as to Count 4, to run consecutively for a total term of 97 months, to be followed by a term of supervised release for 8 years as to Count 1 and 3 years as to Count 4, to run concurrently.  Defendant was released to supervision on July 8, 2010.

On April 2, 2012, the United States Probation Office requested the issuance of a warrant. Among other things, the United States Probation Office reported that Defendant had been arrested in Georgia on March 1, 2011.  On March 26, 2012, Defendant was found guilty after a jury trial in the Superior Court of Walton County in Monroe, Georgia, and sentenced to a term of ten years imprisonment.  He also pleaded guilty to possession of a firearm during commission of a felony and sentenced to five years of probation, to be served consecutively to his sentence of imprisonment. The warrant was issued on April 4, 2012.  Defendant was arrested on this court's federal warrant on September 2, 2021.

Defendant came before the court on December 20, 2021 on a hearing for revocation of his

supervised release. Defendant was sentenced to the custody of the Bureau of Prisons for 46 months, to run consecutively to any other sentence he currently is serving, with no supervision to follow. Judgment was entered on December 20, 2021. Defendant filed a number of motions thereafter, which are adjudicated as follows.

    1.    <u>Pro se motion for copies</u>, which motion was filed on December 27, 2021. Defendant requests free access to copies of (1) the docketing sheet from November 2010; (2) the transcripts of hearings held September 20, 2021, November 9, 2021, and December 20, 2021; and (3) such additional copies as he may designate from the docketing sheet. Defendant states he requires these documents in preparing for his appeal.

    Generally, an indigent defendant may be provided court documents at government expense only upon a showing by the litigant of a particularized need for the documents. <u>United States v. Heflin</u>, 907 F.2d 1140, 1990 WL 86396, *1 (4th Cir. June 19, 1990) (unpublished) (citing <u>Jones v. Superintendent</u>, 460 F.2d 150, 152-53 (4th Cir. 1972)). An indigent defendant is not entitled to free copies "'merely to comb the record in hope of discovering some flaw.'" <u>Id.</u> (quoting <u>United States v. Glass</u>, 317 F.2d 200, 2002 (4th Cir. 1963)). In forma pauperis status applies to the filing fee only and does not extend to other litigation costs. <u>Badman v. Stark</u>, 139 F.R.D. 601, 603-04 (M.D. Pa. 1991). Defendant has demonstrated no particularized need for copies of the transcripts of various proceedings. Defendant may obtain a copy of his docket sheet from the Office of the Clerk of Court for fifty cents per page. Defendant's motion (ECF No. 265) is **denied**.

    2.    <u>Pro se motion for reconsideration of judgment for revocation, motion for recusal</u>, which motion was filed on December 27, 2021. Defendant asserts that the government failed to prove jurisdiction because records of criminal judicial proceedings in Georgia that comprised the

basis of Defendant's supervised release violation were not authenticated. As the court explained to Defendant at the revocation proceeding, the transcript of Defendant's probable cause hearing before the Magistrate Judge substantiates the government's contention that the Magistrate Judge reviewed pertinent documentation handed up by the government. ECF No. 258. Further, the court reviewed the sentencing sheets dated March 26, 2012 with respect to Defendant's convictions in Georgia for possession of marijuana with intent to distribute and possession of a firearm during commission of a felony. ECF No. 253. The court again concludes that the government established jurisdiction.

Defendant also seeks recusal of this court, contending that the court deprived Defendant of the right to present his claims. To the contrary, the court thoroughly reviewed Defendant's numerous motions filed prior to the revocation proceeding and ruled on them in open court. As the court previously has explained, a judge is not obligated to recuse herself because of unsupported, irrational or highly tenuous speculation. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)). The alleged bias must derive from an extra-judicial source and result in an opinion on the merits on a basis other than that learned by the judge from her participation in the matter. In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). Defendant's motion for reconsideration and recusal (ECF No. 266) is **denied**.

3.      Amended Motion for Reconsideration & Disqualification, which motion was filed on January 3, 2022. Defendant contends that the statutes under which he originally was charged contain no conclusive jurisdiction language "spelling out the warrant for Congress to legislate." ECF No. 267, In Torres v. Lynch, 578 U.S. 452, 463 (2016), the Supreme Court explained:

> The issue in this case arises because of the distinctive role interstate commerce elements play in federal criminal law. In our federal system, "Congress cannot punish felonies generally," Cohens v. Virginia, 6 Wheat. 264, 428, 5 L. Ed. 257

(1821); it may enact only those criminal laws that are connected to one of its constitutionally enumerated powers, such as the authority to regulate interstate commerce. As a result, most federal offenses include, in addition to substantive elements, a jurisdictional one, like the interstate commerce requirement of § 844(i). The substantive elements "primarily define[ ] the behavior that the statute calls a 'violation' of federal law," Scheidler v. National Organization for Women, Inc., 547 U.S. 9, 18, 126 S. Ct. 1264, 164 L. Ed. 2d 10 (2006)—or, as the Model Penal Code puts the point, they relate to "the harm or evil" the law seeks to prevent, § 1.13(10).

The jurisdictional element, by contrast, ties the substantive offense . . . to one of Congress's constitutional powers . . . , thus spelling out the warrant for Congress to legislate. See id., at 17–18, 126 S. Ct. 1264 (explaining that Congress intends "such statutory terms as 'affect commerce' or 'in commerce' . . . as terms of art connecting the congressional exercise of legislative authority with the constitutional provision . . . that grants Congress that authority").

Defendant pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 4). In Gonzales v. Raich, 545 U.S. 1, 25-26 (2005), the Supreme Court determined that the Controlled Substances Act regulates quintessentially economic activities, i.e., "the production, distribution, and consumption of commodities for which there is an established, and lucrative, interstate market. Prohibiting the intrastate possession or manufacture of an article of commerce is a rational (and commonly utilized) means of regulating commerce in that product."

Courts also have found that 18 U.S.C. § 924(c)(1) "regulates an economic activity that substantially affects interstate commerce and, as such, is a valid exercise of Congressional power under the Commerce Clause." United States v. Walker, 142 F.3d 103, 111 (2d Cir. 1998). The court in United States v. Bell, 90 F.3d 318, 320-21 (8th Cir. 1996), observed that § 924(c)(1) "imposes an additional penalty for using or carrying a firearm during or in relation to the violation of other federal statutes for which there plainly is a nexus to interstate commerce. One of the

statutory predicates for a § 924(c)(1) violation is the commission of a federal drug-trafficking offense, which is defined by § 924(c)(2) as including any felony punishable under the Controlled Substances Act, 21 U.S.C. §§ 801–971 (1994)."

The court reiterates its prior conclusions regarding recusal. Defendant's amended motion for reconsideration and recusal (ECF No. 267) is **denied** .

4.      Notice of Change of Address, Request for Extension of Time For Appeal, and Miscellaneous Requests, which motion was filed on January 3, 2022. Defendant informs the court that he is in transit to a federal facility and has no access to his legal materials. Defendant requests the court to forward his legal mail to a private residence. However, as described below, Defendant now has provided the court with his current location. Defendant's request to send legal mail to a private residence is denied as moot.

Regarding Defendant's request for an extension of time to appeal his revocation sentence, Fed. R. App. P. 4(b)(1)(A) provides that a defendant's notice of appeal must be filed within 14 days after entry of judgment. However, under Rule 4(b)(4), "[u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

In this case, the judgment for revocation was entered on December 20, 2021. Under Rule 4(b)(1)(A), the time to file a notice of appeal expired on January 4, 2022. Pursuant to Rule 4(b)(1)(C), 30 days from the expiration of January 4, 2022 was February 3, 2022, which date has passed. However, "[a]lthough 'the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed,'" Nilson Van &

5

Storage Co. v. Marsh, 755 F.2d 362, 364 (4th Cir.1985), a motion for rehearing or reconsideration in a criminal case extends the time for filing a notice of appeal if the motion is filed before the order sought to be reconsidered becomes final. See United States v. Ibarra, 502 U.S. 1, 4 n.2 [] (1991) (holding would-be appellant who files timely motion for reconsideration from criminal judgment entitled to full time period for noticing appeal after motion for reconsideration has been decided)." A criminal conviction becomes final at the end of the appellate process, which is when the time for a direct appeal expires and the defendant has not noticed an appeal. United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017). Defendant filed his first motion for reconsideration (ECF No. 266) on December 27, 2021, before the judgment for revocation became final. Defendant's motion for an extension of time is granted until 14 days from the date of entry of this order.

As to miscellaneous relief, Defendant requests transcripts and other filings. Defendant's request is **denied** for the reasons set forth above in paragraph 1. Defendant's motion (ECF No. 268) is **granted in part, denied in part, and denied as moot in part**.

5.     Amended Request for Reconsideration of Defendant's Objections to the Admittance and Use of Proceedings and Records of Georgia, which motion was filed on January 3, 2022. Defendant asserts that the Georgia superior court lacked jurisdiction over him under Ga. Code Ann. § 50-2-21(a), which provides that Georgia's jurisdiction "extends to all persons while with [the state's] limits, whether as citizens, denizens, or temporary sojourners." According to Defendant, the Georgia superior court filings "fail to affirmatively aver on their face if the proceedings involved the class of persons whether as citizens, denizens, or temporary sojourners [therefore] they violate the rules and forms which have been established for Georgia's courts of special and limited jurisdiction." ECF No. 269, 5.

As an initial matter, superior courts are trial courts of general jurisdiction. Pursuant to Ga. Code Ann. § 15-6-8, the superior courts have authority:

> (1) To exercise original, exclusive, or concurrent jurisdiction, as the case may be, of all causes, both civil and criminal, granted to them by the Constitution and laws;
>
> (2) To exercise the powers of a court of equity;
>
> (3) To exercise appellate jurisdiction from judgments of the probate or magistrate courts as provided by law;
>
> (4) To exercise a general supervision over all inferior tribunals and to review and correct, in the manner prescribed by law, the judgments of:
>
>> (A) Magistrates;
>>
>> (B) Municipal courts or councils;
>>
>> (C) Any inferior judicature;
>>
>> (D) Any person exercising judicial powers; and
>>
>> (E) Judges of the probate courts, except in cases touching the probate of wills and the granting of letters of administration, in which a jury must be impaneled;
>
> (5) To punish contempt by fines not exceeding $1,000.00, by imprisonment not exceeding 20 days, or both; and
>
> (6) To exercise such other powers, not contrary to the Constitution, as are or may be given to such courts by law.

Georgia law vests superior courts with exclusive subject matter jurisdiction over all felony trials. Goodrum v. State, 578 S.E.2d 484, 485 (Ga. Ct. App. 2003)(citing Ga. Const. art. VI, § IV, ¶ 1; Ga. Code Ann. § 15-6-8). Further, in Kitchens v. Georgia, 43 S.E. 256, 256 (Ga. 1903), the Georgia Supreme Court observed:

In the Herring[1] Case, after a review of the authorities, the following rule was laid down: "If, by the words of a statute, particular acts done are declared to be a crime for which punishment is provided, the offense created is general, and applicable to all, and an indictment which sets out the offense in the language of the statute is sufficient[.] . . . In such a case the offense is a complete one as it stands stated, and it is not necessary, in framing the indictment, to negative the conditions under which the force of the statute may be avoided. These are matters of plea and defense to a general statutory crime. If, however, by the terms of a statute, the doing of an act by a particular class of persons, or persons without certain qualifications, is declared to be a criminal offense, then the offense is not general. It does not apply to all, but is restricted to the class or condition of persons who may not lawfully do the act. In such a case the acts done amount to an offense only when done by particular persons, and in an indictment charging the offense it is absolutely essential that facts should be set forth which clearly aver that the commission of the acts by the persons charged is an offense against the law."

Defendant was convicted under Ga. Code Ann. § 16-13-30, which provides that "it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." He also was convicted under Ga. Code Ann. § 16-11-106, which states: "Any person who shall have on or within arm's reach of his or her person a firearm or a knife having a blade of three or more inches in length during the commission of, or the attempt to commit . . . [a]ny crime involving the possession, manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any controlled substance or marijuana as provided in Code Section 16-13-30 . . . and which crime is a felony, commits a felony and, upon conviction thereof, shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received." Both sections 16-13-30 and 16-11-106 are general statutes that apply to all. Defendant's motion (ECF No. 269) is **denied**.

---

[1] Herring v. Georgia, 39 S.E. 866 (Ga. 1901).

6. Defendant's Request for Modification of Sentencing Due to Implications of Covid, which motion was filed on January 27, 2022. Defendant contends that he was unnecessarily exposed to COVID-19 during his transport from Georgia to South Carolina in late 2021 and when transferred between detention centers in South Carolina. Defendant states he received his first vaccination against COVID-19 on December 3, 2021, and his second vaccination on December 28, 2021.

Defendant states that it is his understanding federal judges have been reducing sentences because of defendants' unnecessary exposure to COVID-19, as well as in consideration of defendants' obtaining vaccinations while incarcerated. Defendant requests the court to reduce his sentence to "at a minimum of twelve months and a maximum of no imprisonment and any relief warranted under law, equity, or justice under these extra-ordinary circumstances." ECF No.270, 4.

Fed. R. Crim. P. 35 provides that the court may reduce a sentence within 14 days after sentencing to correct a clear error that resulted from arithmetical, technical, or other clear error; or upon the government's motion if the defendant provides substantial assistance in investigating or prosecuting another person. Defendant's request satisfies neither criterion. Defendant's motion (ECF No. 270) is **denied**.

7. Notice of Change of Address; Request for Appointment of Counsel and Permission to File a Late Appeal Due to Extraordinary Circumstances. The Clerk of Court has made note of Defendant's change of address. As to Defendant's motion for appointment of counsel, U.S. Ct. App. 4th Cir. Rule 46(d) provides that "[i]n any appeal in which appointment of counsel is mandated by section (a)(1) of the Criminal Justice Act, 18 U.S.C. § 3006A(a)(1), counsel is appointed upon the docketing of the appeal without prior notice to the attorney who represented the indigent in the case below." The court is without jurisdiction to appoint Defendant counsel for the purpose of appeal.

Finally, the court hereinabove has granted Defendant fourteen days to file his notice of appeal. Defendant's motion for counsel is (ECF No. 271) is **denied**. Defendant's motion for the appointment of counsel (ECF No. 271) is **denied as moot**.

The Clerk of Court is directed to include a copy of the court's December 20, 2021 judgment for revocation (ECF No. 264) with the copy of the within order when it is forwarded to Defendant at his current address.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 23, 2022.